UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMED ELMARASSY, and similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>GALAXY COACH, INC., and FRANK PANARESE, JR., individually<br><br>Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, MOHAMED ELMARASSY ("Elmarassy" or "Plaintiff"), on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants GALAXY COACH, INC., ("Defendant" or "Galaxy") and FRANK PANARESE, JR., individually ("Panarese") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – non-exempt limousine drivers– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt driving duties for the Defendants in New Jersey and based from Defendants' location in Westfield, Union County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant Galaxy Coach, Inc., is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own and operate a transportation company. Defendants routinely pick up and drop off passengers throughout the tri state area, utilizing the channels of interstate commerce. Defendants further routinely accept credit card payments, which involves interstate banking and financing. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Defendants and Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

8. Plaintiff Elmarassy is an adult individual who is a resident of Roselle Park, Union County, New Jersey.

9. Plaintiff Elmarassy was employed by Defendants full time driver, performing driving duties, from in or about December, 2013, and is still currently working for Defendants.

10. Upon information and belief, the Defendants own and/or maintain a transportation company throughout the tri state area.

11. Upon information and belief, the Defendant Galaxy, is headquartered in Westfield, Union County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant, Galaxy, employs individuals to perform labor services on behalf of the Defendants. Upon information and belief, at all times relevant to this Complaint, the Defendant Galaxy's annual gross volume of sales made or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, the Defendant Galaxy was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14. Upon information and belief, Individual Defendant Panarese is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Panarese has been an owner, partner, officer and/or manager of the Defendant Galaxy Coach, Inc.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Panarese has had power over personnel decisions at the Defendant Galaxy's business.

17. Defendant Panarese was present at the Galaxy premises every day, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

**FACTS**

18. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for overtime hours worked in a work week.

19. Plaintiff Elmarassy was compensated a percentage of the rides he gave.

20. Plaintiff Elmarassy worked from approximately 10:00 a.m. until approximately midnight or even or even later, six (6) to seven (7) days per week.

21. Plaintiff Elmarassy routinely worked approximately eighty-four (84) hours per week.

22. Plaintiff Elmarassy was not paid for his overtime hours worked, regardless of the number of hours over forty (40) that he worked each work

23. Upon information and belief, employees similarly situated to Plaintiff, were also deprived of pay for those hours worked in excess of forty (40) in a workweek.

24. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

25. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

26. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the

provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

27. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

28. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

29. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

30. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked overtime hours in one or more work periods, on or after June 7, 2014, and were not properly compensated for hours worked in excess of forty (40) within a workweek.

31. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

32. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 31 above.

33. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

34. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

35. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at one and one-half times their regular rate of pay for all of their overtime worked in a work week.

36. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

37. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

38. Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 37 above.

39. Defendants' aforementioned conduct is in violation of the NJWHL.

40. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

41. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff MOHAMED ELMARASSY and those similarly situated to him, who have or will become part of this collective action, demand judgment, against

Defendants GALAXY COACH, INC., and FRANK PANARESE, JR., individually, for the payment of compensation for all overtime pay due them for the time worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: June 7, 2017 	Respectfully submitted,

                                         s/ Jodi J. Jaffe
                                         Jodi J. Jaffe, Esquire
                                         E-mail: JJaffe@JaffeGlenn.com
                                         New Jersey Bar No.: 022351993
                                         **JAFFE GLENN LAW GROUP, P.A.**
                                         301 N. Harrison Street, Suite 9F, #306
                                         Princeton, New Jersey 08540
                                         Telephone: (201) 687-9977
                                         Facsimile: (201) 595-0308
                                         *Attorneys for Plaintiff*